*L. M. Dembitz, P. A. Gaertner, for appellees.*

---

R. SUTHY & COMPANY *v.* C. M. MURPHY, ET AL.

**Fraud Upon Creditors.**

> Where real estate is purchased by a debtor and conveyed to his wife, to the extent of the money paid for such property by the debtor it is a legal fraud upon his creditors, for which they have a remedy.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 23, 1879.

OPINION BY JUDGE COFER:

It is alleged that the judgment, satisfaction of which is sought in this action, was rendered at the February term, 1870, of the Daviess Circuit Court; that the deposit bank recovered judgment on the purchase-money notes at the February term, 1871, and that C. M. Murphy has paid thereon since that time the sum of $610. These averments are sufficient to show that the appellant's debt was created before this latter sum was paid, and as it was the act of paying the money of which they complain, and which was an injury to them, the petition is sufficient as to all the money paid on the judgment in favor of the bank, though we incline to the opinion that the averment is not sufficient to show that the debt was in existence prior to the execution of the deed, and consequently is not sufficient to reach the $250 payment then made, even though it was made with money belonging to the husband. But as it is sufficient as to all subsequent payments we proceed to inquire whether they or any of them were fraudulent as to the appellants.

In *Crozier v. Young,* 3 T. B. Mon. 157, and *Doyle v. Sleeper* and *Alsop,* 1 Dana 531, it was held that a conveyance made by a third person of property paid for by the debtor was not within the stat-

ute. But the statute did not then contain any provision similar to that in Secs. 20 and 21, Chap. 80, Rev. Stat., the latter of which declares that if a deed be made to one person and the consideration be paid by another such deed shall be deemed fraudulent as to the existing debts and liabilities of the person paying the consideration.

*Marshall v. Marshall,* 2 Bush 415, was decided since the adoption of the Revised Statutes, and intimates that the rule laid down in *Crozier v. Young,* and *Doyle v. Sleeper and Alsop, supra,* was still the law, but the question was not necessary to the decision of the case, and the statute to which we have referred was not alluded to.

In the recent case of *Marchand v. Sublett,* Mss. Op., we have decided that the statute has changed the rule, and that *Crozier v. Young and Doyle v. Sleeper and Alsop, supra,* are consequently no longer the law upon this subject.

Just prior to the payment of $400 to Weir, Mrs. Murphy received from the administrator of her father's estate the sum of $416.55, but only $256.55 was paid in money. That money we think went into these payments, but the balance came from some other source, and as it is not shown where it came from, we must presume it was paid with the money of the husband, and to that extent the payment was a legal fraud upon his creditors. It also appears that the husband paid to Matthews $60 by transferring to him a mortgage, this also was within the statute.

We do not concur with counsel that the husband might lawfully anticipate the receipt of the wife's money and advance his own money to pay for property conveyed to her. It was his duty, if he had money, to pay it to his creditors, and to advance it to pay for property conveyed to her was as much within the statute as if she had no money coming to her. But as actual fraud is neither alleged nor proved, Mrs. Murphy will be entitled to be reimbursed the sum of $256.55 paid out of her money.

The appellants should amend their petition and make Matthews a party, and if he has not been paid he should set up his lien and the property should be adjudged to be sold to pay, first any balance due to him, second, to Mrs. Murphy the amount paid out of her money for the lot, and third, to pay to the appellants whatever sum was paid on the property by C. M. Murphy after the creation of the appellants' debt.

Judgment *reversed* and cause remanded for further proper proceedings.

*Jas. Weir & Son, for appellants.*

*W. N. Sweeney & Son, for appellees.*